KAVANAUGH, Circuit Judge,
concurring:
I agree with and join the Court’s thorough and well-crafted opinion in its entirety. As the Court holds, the District of Columbia may prohibit defacement of Pennsylvania Avenue in front of the White House. The prohibition is a reasonable time, place, and manner restriction for purposes of First Amendment doctrine.
I add these few words simply because I do not want the fog of First Amendment doctrine to make this case seem harder than it is. No one has a First Amendment right to deface government property. No one has a First Amendment right, for example, to spray-paint the Washington Monument or smash the windows of a police car. As Justice Rehnquist succinctly said: “One who burns down the factory of a company whose products he dislikes can expect his First Amendment defense to a consequent arson prosecution to be given short shrift by the courts.... The same fate would doubtless await the First Amendment claim of one prosecuted for destruction of government property after he defaced a speed limit sign in order to protest the stated speed limit.” Smith v. Goguen, 415 U.S. 566, 594, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974) (Rehnquist, J., dissenting on separate point). When, as here, the Government applies a restriction on defacement in a content-neutral and viewpoint-neutral fashion, there can be no serious First Amendment objection. See, e.g., City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 809-10, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984); Schneider v. State, 308 U.S. 147, 160-61, 60 S.Ct. 146, 84 L.Ed. 155 (1939).